UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Huff and Senior Judge Haley


DEREK JENKINS

                                                      MEMORANDUM OPINION*
v.      Record No. 1829-13-1                               PER CURIAM
                                                        FEBRUARY 11, 2014
NORFOLK DEPARTMENT OF
 HUMAN SERVICES


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                          Mary Jane Hall, Judge

            (Tanya L. Lomax, on brief), for appellant.

            (Erikka M. Massie, Assistant City Attorney; Cynthia D. Garris,
            Guardian *ad litem* for the minor child, on brief), for appellee.


        Derek Jenkins appeals an order terminating his parental rights to his child.  Jenkins argues

that the trial court erred by finding that the evidence was sufficient to terminate his parental rights.

Upon reviewing the record and briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

                                    BACKGROUND

        We view the evidence in the light most favorable to the prevailing party below and grant

to it all reasonable inferences fairly deducible therefrom.  See Logan v. Fairfax Cnty. Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

        The Norfolk Department of Human Services (the Department) had worked with the

family since October 2010.  The child was born in November 2010.  At the time of the child's

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

birth, the mother, Joyce Buie, was sixteen years old. Buie identified Jenkins as the father. Jenkins was thirty-three years old at the time of the child's birth.

After the child's birth, Buie and the child lived with relatives and Buie ran away with the child for a period of time. Buie violated her probation and was incarcerated in the Norfolk Juvenile Detention Center.[1] In May 2011, the Department obtained custody of the child and placed her in foster care.

Jenkins requested a paternity test, and in October 2011, Jenkins was determined to be the father. Jenkins filed petitions for custody and visitation. The Norfolk Juvenile and Domestic Relations District Court (the JDR court) dismissed the petitions, and Jenkins appealed to the circuit court. The circuit court dismissed the custody petition and continued the visitation petition so that Jenkins could comply with the psychosexual evaluation. Jenkins did not appear at the next hearing, so the circuit court dismissed the visitation petition.

While the child was in foster care, the Department required Jenkins to complete a parenting capacity assessment, a psychological evaluation, a psychosexual evaluation, a substance abuse assessment, and any necessary treatment. Jenkins also had to obtain and maintain housing and employment. Furthermore, the Department expected Jenkins to refrain from illegal activity, be alcohol and drug free, pay child support, and participate in anger management.

In April 2012, Jenkins participated in the parenting capacity assessment. Dr. Julia Hislop concluded that Jenkins had a psychotic disorder. In her report, she recommended that Jenkins

---

[1] Once Buie was released, she was placed in foster care; however, she repeatedly ran away from the foster homes. The Department offered her services. Buie did not complete the Department's requirements, and her parental rights were subsequently terminated by the JDR court and the circuit court.

return to mental and psychiatric treatment, have his psychiatric medications reassessed, and participate in a substance abuse assessment and a psychosexual assessment.

The Department made several referrals for Jenkins to complete the psychosexual evaluation, but he refused to cooperate. In February 2013, the Department informed Jenkins that funding was no longer available for the psychosexual evaluation.

The Department referred Jenkins to other agencies to complete the remaining requirements. However, Jenkins completed only the parenting capacity assessment and participated in supervised visitations with the child. He kept in frequent contact with the Department, but on several occasions, he threatened the Department and made inappropriate comments to the social worker.

The JDR court terminated Jenkins' parental rights, and he appealed to the circuit court. On August 22, 2013, the circuit court heard evidence and argument from the parties. Evidence was presented that the child was doing well in foster care and in an adoptive placement. The circuit court terminated Jenkins' parental rights pursuant to Code § 16.1-283(C)(1) and (C)(2). This appeal followed.

ANALYSIS

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania Cnty. Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986) (citations omitted). When considering termination of parental rights, "the paramount consideration of a trial court is the child's best interests." Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

Jenkins argues that the evidence was insufficient to terminate his parental rights. He claims that the Department knew he had limited resources, and did not provide him with the

necessary services to complete the Department's requirements. He contends the Department required him to complete the psychosexual evaluation, but then withdrew the funding. However, the Department made numerous referrals for services on Jenkins' behalf and provided funding for the psychosexual evaluation for one year. Jenkins, however, refused to participate in the psychosexual evaluation and other services, including substance abuse assessment, mental health treatment, and anger management. He completed only the parenting capacity assessment.

"The Department is not required 'to force its services upon an unwilling or disinterested parent.'" Logan, 13 Va. App. at 130, 409 S.E.2d at 463-64 (quoting Barkey v. Commonwealth, 2 Va. App. 662, 670, 347 S.E.2d 188, 192 (1986)). The Department made the referrals and provided the funding for one year, but Jenkins did not participate in the services.

A court may terminate parental rights if

> [t]he parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

Code § 16.1-283(C)(2).

Jenkins failed to remedy the situation which led to and required the child to continue in foster care. The circuit court noted that Jenkins' denial of paternity prevented the Department from providing him services as soon as the child entered foster care. However, Jenkins still had "plenty of time" to meet the Department's requirements once paternity was established, but Jenkins did not do so.

At the time of the circuit court hearing, the child had been in foster care for approximately twenty-two months. She was doing well in foster care and in an adoptive placement. "It is clearly not in the best interests of a child to spend a lengthy period of time

- 4 -

waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Kaywood v. Halifax Cnty. Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Based on the record, the circuit court did not err in terminating Jenkins' parental rights.[2]

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.

---

[2] When a trial court's judgment is made on alternative grounds, we need only consider whether any one of the alternatives is sufficient to sustain the judgment of the trial court, and if so, we need not address the other grounds. See Fields v. Dinwiddie County Dep't of Soc. Servs., 46 Va. App. 1, 8, 614 S.E.2d 656, 659 (2005) (the Court affirmed termination of parental rights under one subsection of Code § 16.1-283 and held that it did not need to address termination of parental rights pursuant to another subsection). Therefore, we will not consider whether the trial court erred in terminating Jenkins' parental rights pursuant to Code § 16.1-283(C)(1).